FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 MAY -1 PH 2:07

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **PERNELL FORD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 95-B-3020-S |
| | ) | |
| **COMMISSIONER JOE HOPPER,** | ) | |
| | ) | |
| Respondent. | ) | |

ENTERED

MAY - 1 2000

## MEMORANDUM OPINION

Before the court is a "Motion To Resume Habeas Appeal Under F.R.C.P. 60(b)," ("Motion to Resume") (Doc. 93)[1] filed on the petitioner's behalf by his former counsel, LaJuana Davis. Also before the court is the respondent's "Motion to Dismiss Motion to Resume Habeas Appeal Under F.R.C.P. 60(b)" ("Motion to Dismiss") (Doc. 94) and the respondent's "Supplement to Motion to Dismiss Motion to Resume Habeas Appeal under F.R.C.P. 60(b) ("Supplement") (Doc. 95). For the reasons stated below, the Motion to Resume is due to be denied, and the Motion to Dismiss, as supplemented by the respondent, is due to be granted.

---

[1] References herein to "Doc. ___" are to the docket number assigned a particular pleading by the Clerk of Court and which are located in the lower right-hand corner of the documents.

## BACKGROUND

On November 21, 1995, the petitioner filed in this court a petition for writ of habeas corpus under 28 U.S.C. §2254. Against the advice and wishes of Ms. Davis, the petitioner subsequently asked the court to allow him to proceed *pro se* and moved to dismiss his habeas petition. On March 31, 1999, after finding Ford to be mentally competent, the court granted Ford's request to proceed pro se and to dismiss his habeas petition with prejudice. (Docs. 73-74). The court later determined that Ms. Davis had standing to appeal its competency ruling. (Docs 84-85). On November 8, 1999, the Eleventh Circuit affirmed the actions of this court. *Ford v. Haley*, 195 F.3d 603 (11th Cir. 1999). The Eleventh Circuit then denied Ms. Davis's petition for rehearing on January 11, 2000, and issued its mandate on January 25, 2000. (Docs. 91-92).

On March 2, 2000, Ms. Davis filed the Motion to Resume, attached to which is a letter she apparently received from the petitioner, stating that he no longer wished to die and asking Ms. Davis to "pick up [his] appeals." (Doc. 93 at Attachment B). Also attached to the Motion to Resume is a "Notice Of Intent To Resume Habeas Appeal," which is signed by the petitioner and dated February 24, 2000, in which he revokes his

prior expressions of intent to forgo his habeas appeals and states that Ms. Davis is acting as his counsel in pursuing relief from his conviction. (Doc. 93 at Attachment A).

On March 15, 2000, the respondent filed the Motion to Dismiss, contending that the Motion to Resume should be dismissed as an impermissible attempt to circumvent 28 U.S.C. §2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On March 22, 2000, the respondent filed the Supplement to the Motion to Dismiss, attaching a March 15, 2000, letter his counsel had received from the petitioner. (Attachment to Doc. 95). In this letter, the petitioner states that he does *not* want to pursue the Motion to Resume and that he wants an execution date set instead. The respondent argues that the Motion to Resume should be dismissed not only because it is a successive §2254 petition, but also because the petitioner wants it dismissed.

## DISCUSSION

On March 31, 1999, this court found the petitioner competent to withdraw his habeas claims. (Docs.73-74). A presumption of continued competency arises from that finding. *Lonchar v. Thomas*, 58 F.3d 588 (11th Cir. 1995), *citing Smith v. Armontrout*,

865 F.2d 1502, 1505 (8th Cir.1988).[2] The petitioner is therefore competent to withdraw any subsequent request to resurrect old habeas claims or to assert new ones. The Motion to Dismiss, as it is supported by the petitioner's written repudiation of the Motion to Resume, is thus due to be granted.[3] The Motion to Dismiss is also due to be granted on a separate and independent ground as well: because the petitioner has failed to comply with the requirements imposed on the filing of successive petitions under AEDPA.

The petitioner voluntarily dismissed his habeas petition with prejudice under FED. R. CIV. P. 41(a)(2).[4] The voluntary dismissal of an action terminates the litigation, even

---

[2] In *Smith*, the petitioner's next friends argued that the court should reexamine a previous federal court finding that the petitioner was competent to waive his habeas claims. The court refused, stating as follows:

> It is important to remember that the issue of legal decisionmaking capacity that the next friends now urge is not before us now for the first time. We are not writing, as the phrase goes, on a clean slate. Rather, we must take the prior determination of competence as a given, a sort of benchmark, the correctness of which we are entitled to presume unless some substantial reason to the contrary appears. Any other approach would make meaningless prior determinations of mental condition, because it is always possible for a next friend, acting at the last minute, to request a new evidentiary hearing on a prisoner's competence to waive his remedies, just as it is possible for a prisoner himself, at the last minute, to request a new evidentiary hearing with respect to his own sanity for purposes of *Ford v. Wainwright*, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), which holds that the Eighth Amendment does not permit the execution of a prisoner who is "insane."

*Smith*, 865 F.2d at 1505.

[3] The petitioner did not file his repudiation of the Motion to Resume with the court, but rather sent it to opposing counsel, who now offer it in support of the Motion to Dismiss. The court thus addresses it as a ground for granting the Motion to Dismiss and not as an independent motion.

[4] The court did not dismiss the petitioner's habeas petition until it had held several hearings to ascertain the petitioner's wishes and his competence to dismiss the petition. During the hearings, the court pointedly informed the petitioner that he would not be allowed to change his mind or to reassert the petition after its dismissal, and the petitioner expressed his understanding of this fact. (*See* Doc. 94 at 2-10).

if the dismissal was without prejudice.[5] *See Long v. Board of Pardons and Paroles*, 725 F.2d 306 (5th Cir.1984) (habeas petition voluntarily dismissed by stipulation could not be reactivated). Ms. Davis invokes Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE in an attempt to revive the dismissed petition. Rule 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

FED. R. CIV. P. 60(b).

In arguing the Motion to Resume, Ms. Davis does not discuss Rule 60(b) or any of the six reasons listed therein. Instead, she argues that the petitioner has changed his mind about dismissing his § 2254 petition, and that he should be allowed to resume his habeas proceedings because no federal court has ever ruled on the merits of his habeas claims.

---

[5]The petition in this case was dismissed *with* prejudice, so the dismissal constitutes a final judgment on the merits. *See Astron Industrial Associates v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir.1968).

She asserts that it is especially important that the petitioner's claims be addressed because he was tried without benefit of trial counsel and because he "suffers serious mental health difficulties." *Id.* at 7. The court will assume for the purposes of this discussion that Ms. Davis's arguments are encompassed within the sixth reason listed under *Fed. R. Civ. P.* 60(b)-"any other reason justifying relief from the operation of the judgment."

Regardless of the basis for the Motion to Resume, however, the court must treat it as a successive petition. In *Felker v. Turpin*, 101 F.3d 657 (11th Cir.), *cert. denied*, 519 U.S. 989 (1996), the court found that the petitioner's Rule 60(b) motion, which requested relief from the court's denial of a previous habeas petition, was due to be treated as a second or successive petition. The court stated as follows:

> Felker's Rule 60(b) motion for relief from judgment was properly denied by the district court, because it was due to be treated as a second or successive habeas corpus application. 28 U.S.C. §2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, requires that an applicant move in the appropriate court of appeals for an order authorizing the district court to consider such an application. Felker failed to do so. Instead, he contends that his Rule 60(b) motion should not be treated as a successive petition. We disagree.
> . . .
>
> What Felker fails to come to grips with is that the established law of this circuit, like the decisions he acknowledges from other circuits, forecloses his position that Rule 60(b) motions are not constrained by successive petition rules. . . . Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before the Antiterrorism and Effective Death Penalty Act was enacted, and it is equally true, if nor more so, under the new Act.

*Felker*, 101 F.3d at 660-61 (citations omitted). Also, in *In re Medina*, 109 F.3d 1556 (11th Cir.), *cert. denied sub nom., Medina v. Singletary*, 520 U.S. 1151 (1997), the petitioner filed in district court a second habeas petition, or, alternatively, a motion for Rule 60(b) relief from a previously denied § 2254 petition. The Eleventh Circuit affirmed the district court's denial of this motion, stating that "[t]he Rule 60(b) dressing Medina has put on his habeas application makes no difference to our analysis." *Medina*, 109 F.3d at 1561. The court therefore held that, in accordance with *Felker*, the motion would be treated as a successive petition. *Id*.

*Felker* and *Medina* differ from the petitioner's case in that the Rule 60(b) relief requested was related to the denial of a prior habeas petition, rather than the voluntary dismissal of a prior habeas petition. For the purposes of this analysis, however, *Felker* and *Medina* are substantially identical to this case because in each instance a petitioner attempted to use Rule 60(b) to revive terminated habeas claims. As *Felker* and *Medina* instruct, Rule 60(b) cannot be so employed. Thus, the Motion to Resume must be treated as a successive petition. As such, it is due to be denied because the petitioner has failed to comply with the requirements imposed on the filing of successive petitions by AEDPA, particularly 28 U.S.C. § 2244(b)(3)(A), which requires an applicant for a second or

successive habeas petition to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has moved for no such authorization.

The Motion to Resume is therefore due to be denied and the Motion to Dismiss, as supplemented by respondent, is due to be granted. An appropriate order will be entered.

**DONE** this ___1st___ day of May, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge